IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## ADRIAN S. LENOX v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County
No. 99-C-1752    Steve R. Dozier, Judge**

_____

**No. M2003-00482-CCA-R3-PC - Filed May 20, 2004**

_____

The petitioner appeals the post-conviction court's denial of his petition for post-conviction relief, in which he alleged ineffective assistance of counsel. We conclude that the petitioner has failed to establish that he received ineffective assistance of counsel. We affirm the denial of post-conviction relief

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Dwight Scott, Nashville, Tennessee, for the appellant, Adrian S. Lenox.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Stephen Douglas Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Adrian S. Lenox, was convicted of aggravated burglary, vandalism, felony evading arrest, and driving on a revoked license. He was given an effective sentence of fourteen years. This Court affirmed the defendant's convictions and sentences on direct appeal. State v. Adrian S. Lennox, No. M2000-02869-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 742 (Tenn. Crim. App., at Nashville, Sept. 14, 2001).[1] The petitioner subsequently filed a petition for post-conviction relief, and it was denied. He timely filed his notice of appeal. The petitioner contends on appeal that he received ineffective assistance of counsel at trial. We affirm the post-conviction court's denial of relief.

---

[1]The correct spelling of the petitioner's last name appears to be Lenox according to the indictments, judgments, and his signature on the petition for post-conviction relief.

## I. Trial Proceedings

The following factual background is taken from the defendant's direct appeal:

On March, 20, 1999, Patricia Cantrell was sunbathing in her backyard when she heard a car pull into her neighbor's driveway. Through a bush between the two houses, Ms. Cantrell saw the feet of a man approach the back door and knock. A few seconds later, Ms. Cantrell heard the sound of breaking glass, and ran to her house to call the police. While talking to the 911 operator, Ms. Cantrell saw the back of a man exit the house with a television set and drive away. Ms. Cantrell was able to describe the car to the 911 operator as the car was leaving. She described it as an older model sedan with a wheel cover on the back. After the Defendant was arrested, Ms. Cantrell identified the Defendant's car as the car she had seen at her neighbor's house.

Only a mile away, Officer Michael Adkins of the Metro-Davidson Police Department was notified about the burglary. As Officer Adkins approached a stoplight, he noticed a car with a television in the back seat matching the description of the car seen by Ms. Cantrell. When Officer Adkins attempted to pull the car over, the car crossed into oncoming traffic and turned down a side street. With Officer Adkins in pursuit, the car turned into a driveway of a private residence, drove through a carport and into the backyard of the residence. The car then crossed into the backyard of Walter Edwards who was working in his garden at the time. The car came within forty feet of Mr. Edwards and then struck a dogwood tree, pulling the tree up by the roots. The Defendant then exited the car, and, after a short foot chase, was apprehended. The Defendant's hand was bleeding and he told Officer Adkins that he knew he was caught because his blood was at the scene of the burglary. Police found a television, a VCR, a camera, a crowbar, and a pair of pliers in the Defendant's car.

Carl Dupree, the victim, was notified by police that his home had been burglarized. Upon returning home, Mr. Dupree discovered that his back door had been kicked in, the glass was broken, and his television was missing. Mr. Dupree also discovered blood stains on the door and inside the house. Mr. Dupree was later taken to Mr. Edward's backyard, where the Defendant had been apprehended, and identified the television in the Defendant's back seat as his own. The repair of Mr. Dupree's door cost about $1,000.

Adrian S. Lennox, 2001 Tenn. Crim. App. LEXIS 742, at **2-4.

## II. Post-Conviction Hearing

The petitioner's trial counsel testified at the post-conviction hearing that he did not interview any witnesses in this case before the day of trial. The petitioner denied committing the crime and informed counsel that he had traded crack cocaine for the television that was recovered from his vehicle. According to counsel, the petitioner never provided him with the names of any witnesses other than the "street name" of the person that the petitioner claimed to have traded him the television for crack cocaine. After learning of the trade, counsel decided that it would not be in the petitioner's best interest to pursue this line of defense. Instead, the defense centered around the question of identification. There were some discrepancies in the eyewitness's description of the perpetrator, and counsel recalled addressing this issue on cross-examination. Counsel testified that he did not recall anyone named Larry Tate and was never given his address. Additionally, counsel did not recall any specific jurors but did remember that there were challenges to some of the members of the jury venire.

The petitioner testified that he told counsel to contact his mother, sister, and girlfriend to verify that he had possession of the television before the time of the incident. He testified that they had seen him in possession of the television before he was arrested. According to the petitioner, he had purchased the television from Larry Tate for $32.00 on the day he was arrested. He denied telling counsel that he had traded crack cocaine for the television. Specifically, he stated that he told counsel to contact Larry Tate in Edmonson Manor Apartments because he could verify that he sold the television to the petitioner. The petitioner also said that he told counsel to contact Martha Springer (the petitioner's mother), Shana Lenox (the petitioner's sister), and Tracy Duke (the petitioner's girlfriend). The petitioner also testified that he told counsel where to locate his sister and mother and gave him Tracy Duke's address. He further testified that Officer Adkins "made up" his testimony concerning statements made by the defendant while being arrested.

The petitioner's mother and sister also testified at the hearing. His mother stated that she saw a television in the back of the petitioner's vehicle "shortly" before he was arrested. However, she could not recall any specifics. The petitioner's sister testified that she had seen a television in the back of the petitioner's vehicle about a week before this incident. However, she could not provide any specific description of the television (such as size, color, etc.). No other witnesses were presented.

The post-conviction court accredited the testimony of counsel and found that the petitioner never advised counsel of the witnesses or the nature of their testimony. The court concluded that the petitioner had failed to meet his burden of showing that counsel was deficient or that he had suffered prejudice as a result of the alleged deficiency. Accordingly, the court denied post-conviction relief.

## III. Analysis

The petitioner now appeals the denial of post-conviction relief and contends that he received ineffective assistance of counsel at trial. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner bears the burden of proving the factual allegations that would entitle the petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). We review the post-conviction court's factual findings underlying a claim of ineffective assistance of counsel under a *de novo* standard with a presumption that those findings are correct – unless the preponderance of the evidence establishes otherwise. Burns, 6 S.W.3d at 461. However, the post-conviction court's conclusions of law – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001) (citations omitted).

First, the petitioner alleges ineffective assistance because of counsel's failure to interview and subpoena several witnesses including Martha Springer, Shana Lenox, Tracy Duke, and Larry Tate. When a petitioner alleges that counsel failed to discover, interview, or present witnesses in support of his defense, he is not entitled to relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Black v. State, 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990). In general, the only way to establish the prejudicial value of a witness's testimony is to present that witness at the post-conviction hearing. Id. at 757. "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of . . . what a witness's testimony might have been if introduced by defense counsel." Id. Tracy Duke and Larry Tate did not testify at the post-conviction hearing; therefore, the petitioner has obviously failed to establish any prejudice relating to these two witnesses.

In regard to the other two witnesses, neither could give a description of the television that they claimed to have seen in the petitioner's vehicle prior to his arrest. Additionally, Shana Lenox's testimony was that she observed the television in the petitioner's vehicle about a week before this incident. According to the petitioner, he purchased the television on the day that he was arrested. It is unlikely that this testimony would have assisted in the petitioner's defense. In any event, the evidence does not preponderate against the post-conviction court's finding that the petitioner failed to advise counsel of the witnesses or the nature of their testimony. This issue is without merit.

Next, the petitioner contends that he received ineffective assistance because of counsel's failure to challenge two of the jurors selected. Specifically, the petitioner claims that counsel should have peremptively challenged two "obviously biased" jurors. During voir dire, juror Washington stated that she had been the victim of a burglary. When initially asked about her ability to be impartial despite being the victim of a crime, she responded "I don't know." However, after further questioning she stated that she could be fair and impartial despite being the victim of a burglary. Juror Collins said that he had a close relationship with the assistant district attorney prosecuting the case. When asked if his relationship with the prosecutor would prevent him from being fair and impartial, he responded "I don't think so." We conclude that these statements by the two jurors are insufficient to establish that the petitioner was prejudiced by the jurors' inclusion on the jury panel. Jurors Washington and Collins did not testify at the post-conviction hearing; therefore, we take their statements during voir dire that they could be fair and impartial at face value. This issue is without merit.

We conclude that the petitioner has failed to establish that he received ineffective assistance of counsel. Based on the foregoing reasoning and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE